UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL J. O'BRIEN,

    Plaintiff,                                            Case Number 18-11546
                                                       Honorable David M. Lawson
v.                                                   Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

Plaintiff Daniel J. O'Brien filed the present action seeking review of the Commissioner's decision denying his claim for disability benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on July 30, 2019 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, the defendant filed a response, and the plaintiff replied to that response. The matter is now before the Court.

The plaintiff, who is now 60 years old, filed his application for disability benefits on February 17, 2015, when he was 56. He completed high school and previously worked as a shipping and receiving agent. He alleges that he is disabled as a result of sciatica, Barrett's esophagus, ulcers of the esophagus, bilateral knee pain, depression, ankylosing spondylitis, right hand swelling, and neck, arm and hand pain and numbness. In his claim for benefits, the plaintiff alleged a disability onset date of April 9, 2009, which coincided with the shutdown of the General Motors plant where he had been employed. He has sufficient quarters of coverage to remain insured through September 30, 2015, and therefore must establish disability on or before that date.

The plaintiff's application for disability benefits was denied initially on July 7, 2015. The plaintiff timely filed a request for an administrative hearing, and on April 4, 2017, the claimant appeared before ALJ Lawrence E. Blatnik. On May 24, 2017, ALJ Blatnik issued a written decision in which he found that the plaintiff was not disabled. On March 23, 2018, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. On May 17, 2018, the plaintiff filed his complaint seeking judicial review of the denial of benefits.

ALJ Blatnik reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §404.1520(a). He found that the plaintiff had not engaged in substantial gainful activity from April 9, 2009 through his date last insured of September 30, 2015 (step one). The plaintiff had done some work for pay during that time, but the earnings did not meet the presumptive levels to amount to substantial gainful activity. The plaintiff suffered from degenerative joint disease with a meniscal tear in the left knee and degenerative disc disease of the cervical and lumbar spine, impairments which were "severe"

within the meaning of the Social Security Act (step two). The ALJ acknowledged that the plaintiff had been diagnosed with depression and substance abuse, but he found that those impairments were not severe. The ALJ also determined that none of those impairments alone or in combination met or equaled a listing in the regulations, considering Listings 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine) (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), with certain limitations. The ALJ determined that the claimant could lift carry, push or pull 20 pounds occasionally and 10 pounds frequently, he could sit for six hours, stand for six hours, and walk for six hours, and he could occasionally reach overhead with either arm. The ALJ also found that the claimant could frequently handle and finger items with his right hand and was able to climb ramps and stairs occasionally, but he could never climb ladders, ropes, or scaffolds.

At step four, the ALJ concluded that the plaintiff was able to perform the duties of his past relevant work as a shipping and receiving clerk, assembler, and inspector, which were semi-skilled and unskilled work performed at the light exertional level. Based on that finding, the ALJ did not proceed to the fifth step and concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In his motion for summary judgment, the plaintiff argued that the ALJ's ruling was not based on substantial evidence because: (1) no medical expert had evaluated the record to determine if the plaintiff's impairments were equivalent to any listing in the regulations, and for that reason alone the case should be remanded to obtain a medical opinion on that question, (2) the ALJ's RFC

evaluation ignored significant record evidence including testimony by the plaintiff about his inability to obtain restful sleep due to his various medical conditions, and MRI scans indicating that the plaintiff's back condition was so severe that it "may well equal Listing 1.04A," (3) the ALJ entirely ignored the plaintiff's mental impairments and did not include any assessment of mental limitations in the RFC, (4) the ALJ's decision did not discuss or even acknowledge the lay witness testimony from O'Brien's brother that was in the record, and (5) because the ALJ's questioning of the vocational expert (VE) was based on a flawed and incomplete RFC, the VE's responses did not constitute substantial evidence that the plaintiff could perform all the duties of his past jobs "on a sustained basis," particularly where the VE testified that the plaintiff would be disqualified from all of his past jobs if he could not perform his work duties at least eight hours per day for a standard five-day work week, was absent from work more than one day per month, was off task more than 10% of the work day, or was unable to use one of his hands more than occasionally.

The magistrate judge rejected those positions. The plaintiff filed three objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the

recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A.

The magistrate judge first found that the plaintiff's medical records adequately supported the finding that the plaintiff's spinal condition did not meet all of the requirements of Listing 1.04A, because the records did not show either nerve root compromise characterized by neurological symptoms or positive straight-leg raising in both the sitting and supine positions, and, moreover, the plaintiff exhibited normal strength in his legs and EMGs of both his legs and arms were negative for neurological abnormalities. He also found that the ALJ's conclusion that the plaintiff's impairments did not equal listing 1.04A was supported by substantial evidence. The magistrate judge rejected the Commissioner's argument that Social Security Ruling (SSR) 17-2p — which exempted the ALJ from the obligation to make a finding of medical equivalency only with the support of a medical opinion — did not apply here because the plaintiff filed his claim

before the effective date of the ruling. Therefore, SSR 96-6p governed; that ruling does require a Step-Three finding on medical equivalency to be supported by a medical opinion. But the magistrate judge found that the error was harmless because the plaintiff did not carry his burden on all the elements of that Listing. For instance, the magistrate judge found that the medical reports contradicted the plaintiff's subjective testimony about his inability to engage in physical activities, because it was noted that, after the alleged disability onset date, he had a normal range of motion in his spine, was able to work part-time or intermittently as a cleaner and carpet installer, and was able to shovel snow and make several road trips between Michigan and Colorado, calling into question his testimony that he could not sit for extended periods.

Objecting to this part of the report, the plaintiff argues that the magistrate judge erred by (1) disregarding the record of an MRI of the plaintiff's lumbar spine from January 8, 2015, which showed a disc osteophyte complex at L5-S1 appearing to contact the extraforaminal right L5 nerve root, noted by the examiner as potentially accounting "for a right-sided L5 distribution radiculopathy," which suggests that there was nerve root compromise characterized by neurological symptoms, as required by Listing 1.04A; and (2) substituting the magistrate judge's own ad hoc review of the medical records for an evaluation of the actual conditions noted in the ALJ's decision and his reasoning for the finding that the plaintiff's spinal condition did not meet the listing. The plaintiff also insists that the magistrate judge erred by concluding that remand was not warranted solely because the plaintiff failed to offer record evidence establishing that his condition met Listing 1.04A, because remand is warranted whenever the ALJ fails to procure or consider any medical opinion on the question whether a listing is met.

In this Circuit, to qualify as "disabled" under a Listing in the Secretary's regulations, a claimant must demonstrate that he meets *all* of the criteria contained in the Listing. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986). One of the requirements of Listing 1.04A is evidence of "nerve root compression characterized by neuro-anatomic distribution of pain," "limitation of motion of the spine," "motor loss," and, for the lower back, "positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.04A. There is no evidence of positive straight-leg tests in both positions. And the imaging the plaintiff points to as establishing nerve root "compression" is equivocal at best. The MRI report from January 8, 2015 states that at L5-S1, there is "a right lateral disc osteophyte complex *appears* [sic] to *contact* the extraforaminal right L5 nerve root. This *may* account for a right-sided L5 distribution radiculopathy." Tr. 392 (emphasis added). There is no study that shows *compression* of the nerve root, and, as the magistrate judge noted, the electromyography (EMG) did not confirm any radiculopathy. *See* Tr. 291, 292, 296, 299, 485, 597. The ALJ's determination that the plaintiff did not meet this Listing is supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The magistrate judge found that SSR 96-6p governed the medical equivalency determination and noted that the ALJ erred by not obtaining a medical opinion on the subject. In his response to the plaintiff's objection, the Commissioner repeats his argument that SSR 96-6p no longer applies, so the requirement of obtaining a medical opinion has been rescinded. But the Commissioner failed to file a timely objection to that part of the report and recommendation, so

he has forfeited this argument. *Smith*, 829 F.2d at 1373. Moreover, the magistrate judge was correct; the ALJ was obliged to apply the rules in effect when the claim was filed. *See Atchley v. Berryhill*, No. 15-5081, 2018 WL 1135457, at *5 (D.S.D. Fed. 28, 2018); *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires the result.").

The magistrate judge's conclusion that the error did not make any difference to the result is sound, however. The Court reviews administrative decisions for harmless error. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Court will not set aside those decisions "unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Ibid.* (citing *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)); *see also Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970) (holding that an agency's failure to follow its own regulations did not require reversal absent a showing of substantial prejudice by the affected party).

The Court agrees that the plaintiff would not be able to demonstrate medical equivalency for Listing 1.04A on remand, even with a consultative medical opinion. "A claimant can demonstrate that she is disabled because her impairments are equivalent to a listed impairment by presenting 'medical findings equal in severity to all the criteria for the one most similar listed impairment.'" *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). "This decision must be based solely on medical evidence supported

by acceptable clinical and diagnostic techniques." *Land v. Secretary of Health and Human Services*, 814 F.2d 241, 245 (6th Cir. 1986) (citing 20 C.F.R. § 404.1526(b)). And the impairment must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

As the magistrate judge pointed out, the plaintiff cannot point to any EMG studies showing neurological abnormalities. And he has engaged in several strenuous activities during the relevant period, as the magistrate judge summarized. *See* R&R at 20-21, ECF 17, PageID.791. The ALJ's error was harmless, and the determination that the plaintiff did not sustain his Step-Three burden is supported by substantial evidence.

B.

Second, the magistrate judge found that the ALJ's RFC determination was accurate and well-founded, because it incorporated limitations based on the plaintiff's testimony about his physical challenges, and the plaintiff's contrary testimony about his inability to work was contradicted by record evidence that he had increased pain and mobility problems only after performing physical activities that were far more strenuous than the mild scope of the exertion assumed within the RFC limitations. The magistrate judge also noted that the plaintiff's testimony about his inability to function due to lack of sleep was not well supported because he was able to engage in part-time work and other activities far exceeding the limitations in the RFC during the period when he alleged that he was disabled.

The plaintiff objected to this part of the report, arguing that the magistrate judge erred in his conclusion that the RFC determination was sufficiently supported, because (1) in his report he

did not explain how activities such as golf and shoveling snow exceeded the RFC limitations; and (2) he ignored the fact that the ability to engage intermittently in isolated physical activities exceeding the limitation does not undermine the other record evidence that the plaintiff was unable to perform work up to the full RFC limitations on a sustained basis for eight hours per day or 40 hours per week, without excessive downtime due to his conditions. The plaintiff also contends that the magistrate judge erred by finding that long car trips undermined the plaintiff's testimony about his inability to sit for extended periods, because there was no evidence that he actually sat in the car for more than 20 minutes without a break, and the magistrate judge minimized the impact of the plaintiff's sleep disorder by ignoring medical records noting that he had constant fatigue due to his inability to sleep and difficulties using a CPAP device to mitigate his sleep apnea.

These objections, however, amount to little more than a critique on how the ALJ weighed the evidence. The Court's task in reviewing a Social Security disability determination is a limited one. The ALJ's findings are conclusive if they are supported by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). The Sixth Circuit has stated that the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright,* 321 F.3d at 614. Therefore, the Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The magistrate judge identified several items of evidence in the record that supported the ALJ's RFC determination. In his second objection, the plaintiff contends that the evidence is not entitled to much weight, or that different inferences more favorable to him should have been drawn. But that does not change the fact that the evidence identified by the magistrate judge exists in the record, or that the ALJ was entitled to consider it and draw the reasonable inferences that led to his RFC determination.

The plaintiff's second objection will be overruled.

C.

Third, the magistrate judge found that the medical evidence of record sustained the finding that none of the plaintiff's mental impairments were more than mild, principally because he was able to engage in a wide range of ordinary activities such as driving, handling his own finances, shopping, interacting with others, and he was able to maintain adequate concentration for daily tasks of living. The magistrate judge also noted that a marking on one evaluator's report classifying his mental conditions as "severe" was "clearly a scrivener's error," and the symptoms described in the medical reports otherwise were entirely consistent with only mild impairments.

The plaintiff did not object to this part of the report and recommendation.

D.

Fourth, the magistrate judge did not find the omission of any discussion of testimony by the plaintiff's brother fatal to the non-disability determination, because the affirmation in the ALJ's decision that he considered "all of the evidence" was sufficient to indicate that the testimony was

taken into account, and no detailed discussion was required where the brother did not testify as a medical or expert evaluator.

The plaintiff objects to this part of the report, arguing that the magistrate judge erred as a matter of law by overlooking the failure to discuss the plaintiff's brother's testimony. Citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1056 (9th Cir. 2006), he asserts that "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." The plaintiff contends that, regardless of whether SSR 06-3p mandates a detailed discussion of lay testimony, the applicable case law requires that pertinent testimony be discussed, along with the reasons for discounting it, and the error cannot be harmless unless it could not have supported any different outcome of the disability determination.

It is never appropriate for an administrative law judge to ignore evidence. But SSR 06-3p only requires that the ALJ "consider" the evidence. The ALJ professed to have considered all the evidence. Tr. 16. There is no reason to discount that declaration. And as the magistrate judge discussed, the plaintiff's brother's statement was inconsistent with other evidence in the record that the ALJ accepted. Moreover, the failure of the ALJ to acknowledge non-professional statements specifically does not warrant a remand. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 842 (6th Cir. 2005).

The plaintiff's third objection will be overruled.

E.

Finally, the magistrate judge found that the hypothetical posed to the VE accurately incorporated all of the premises of the RFC determination, and, because that determination was supported by substantial evidence, the VE's responses were valid and supported a finding of no disability.

The plaintiff did not object to this part of the report and recommendation.

* * * * * * * * *

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 17) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections and amended objections (ECF No. 18, 19) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 10) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 13) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
Date:   October 15, 2019                United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 15, 2019.

      s/Susan K. Pinkowski
      SUSAN K. PINKOWSKI